IN THE CIRCUIT COURT, FOURTH
JUDICIAL CIRCUIT, IN AND FOR
DUVAL COUNTY, FLORIDA

CASE NO.:
DIVISION:

DANIELLE DE VRIES, an individual,

      *Plaintiff,*

vs.

AMAZON.COM, INC., a foreign corporation; and
YONGKANG MOXI TECHNOLOGY CO., LTD.,
d/b/a YONGKANGSHIMOXIKEJIYOUXIANGONGSI
and VOLPAM and VOLPAM US, a foreign corporation,

      *Defendants*.

_____/

## <u>COMPLAINT</u>

Plaintiff Danielle De Vries sues Defendants Amazon.com, Inc. ("Amazon") and Yongkang Moxi Technology Co., Ltd., d/b/a YONGKANGSHIMOXIKEJIYOUXIANGONGSI and Volpam and Volpam US ("Volpam"), and alleges:

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00).

2. Plaintiff is, and at all times material was, a resident of Duval County, Florida.

3. Defendant Amazon is a Delaware corporation that maintains a principal place of business in the State of Washington. At all times material, Defendant Amazon was authorized to, and actually did, conduct business in Duval County, Florida.

4. Defendant Volpam is a Chinese company that maintains a principal place of business at Floor 4, No. 88 Guoshan Street, Guoshan Village, Zhiying Town, Yongkang City, Jinhua, Zhejiang Province 321300, People's Republic of China.

1

ACCEPTED: DUVAL COUNTY, JODY PHILLIPS, CLERK, 02/18/2026 09:21:00 AM

5.    Defendant Amazon operates a global e-commerce platform through which consumers, including Plaintiff, purchase products made by third-party manufacturers.

6.    Defendant Volpam, through its their employees, agents or apparent agents, is in the business of manufacturing, distributing and selling recreational products and scooters to the consuming public through the Amazon retail store.

7.    Defendant Amazon facilitated the sale of the subject Volpam scooter through Defendant Amazon's website, amazon.com.  The subject scooter was listed as being sold by VOLPAM US.  Defendant Amazon processed the transaction, collected payment and provided the purchaser interface and fulfillment infrastructure for the sale.  Defendant Amazon was a key participant in the transaction and profited from the sale.  The subject scooter passed through Defendant Amazon's possession, retail fulfillment and delivery system.

8.    Defendant Volpam purposefully availed itself of the Florida and United States market by advertising and selling scooters through amazon.com and placing its scooters into the stream of commerce with the expectation that they would be sold in Florida.

9.    Defendants are subject to the long-arm jurisdiction of this state pursuant to section 48.193, Florida Statutes, by reason of the following:

a.    Defendants operated, conducted, engaged in and/or carried on a business or business venture in this state (Section 48.193(a), Florida Statutes);

b.    Defendants committed a tortious act within this state (Section 48.193(b), Florida Statutes); and

c.    Defendants engaged in substantial and not isolated activity within this state (Section 48.193(2), Florida Statutes).

**Factual Allegations**

2

10. On January 1, 2024, Plaintiff purchased a Volpam electric, one-click mechanism latch ("OCM latch") equipped scooter ("subject scooter") manufactured by Defendant Volpam and advertised and sold by Defendant Amazon.

11. On February 18, 2024, Plaintiff was riding her Volpam scooter in a normal and intended manner on a smooth sidewalk surface in Jacksonville, Florida when the folding vertical bar's OCM latch failed, and the vertical bar and handlebar suddenly folded down, causing Plaintiff to lose control of her moving scooter.

12. The OCM latch failure was caused by a defectively designed and manufactured OCM latch configuration with a misaligned ball joint and excessive latch tolerances, which prevented the latch from locking closed, thereby allowing the latch to open and permit the collapse of the vertical bar supporting the handlebar, without warning, while the subject scooter was in normal operation.

13. The defect, consisting of misaligned OCM latch assembly and excessive latch tolerance, prevented the OCM latch from properly locking in the closed position, allowing normal roadway and walkway vibrations to induce the OCM latch to open unexpectedly.

14. The defective condition of the subject scooter was undetectable to the normal consumer, including Plaintiff, until the product failed during normal operation.

15. The unexpected folding of the subject scooter and Plaintiff's resulting loss of control caused her to be thrown off the moving scooter and fall hard to the pavement, suffering severe orthopedic and soft tissue injuries, particularly at her upper and lower extremities.

15. Multiple pre-incident consumer reviews on Defendant Amazon's website described many similar failures of the subject scooter model line, including at the OCM latch.

The consumer reviews detailed failures of the OCM latch and resulting injuries of prior users of the subject scooter model.

16.    Defendants were on actual and constructive notice of the subject scooter model line's design and/or manufacturing defects.

17.    Defendants failed to act on these pre-incident complaints and/or notices and either remove or recall the subject scooter model line, while profiting from ongoing sales.

18.    The defective Scooter conditions existed at the time the subject scooter left the possession and control of Defendants.

19.    At all times material, Defendants knew, or reasonably should have known, of the defects in the subject scooter and that it was unfit for its intended use.

20.    Despite Defendants' knowledge of the defects in the subject scooter model line, and their ability to redesign, repair or recall said scooters, Defendants placed the scooters into the stream of commerce where one of the defective scooters was purchased by Plaintiff.

21.    Plaintiff did not alter or misuse the subject scooter and had no warning, from the instruction manual or otherwise, of the subject scooter's defects or potential dangers to riders of the subject scooter from the defects.

22.    Despite following all reasonable safety requirements before operating the subject scooter, Plaintiff was injured when the subject scooter's OCM latch failed during normal operation.

### COUNT I - NEGLIGENCE OF DEFENDANT VOLPAM

23.    Plaintiff realleges paragraphs one (1) through twenty-two (22) above.

24.    The subject scooter was designed, engineered, manufactured and assembled by Defendant Volpam.

25.    At all times material, Plaintiff used the subject scooter in a manner that was reasonably foreseeable to Defendant Volpam.

26.    As a direct result of Defendant Volpam's failure to properly design, manufacture and/or construct the scooter, the OCM latch failed and allowed the subject scooter to collapse during normal operation.

27.    The OCM latch system of the subject scooter was not reasonably fit to withstand clearly foreseeable operation.

28.    Defendant Volpam owed Plaintiff a duty to design, manufacture, assemble, market and/or test a reasonably safe product.

29.    Defendant Volpam failed in the design, manufacture, assembly, marketing and/or testing of the subject scooter's latch system in question.  Particularly, Volpam breached the duty it owed Plaintiff in one or more of the following:

        a.    failing to properly design the latch system, and its components in a proper manner;

        b.    in the fabrication of the latch system, utilizing materials and design(s) which were inferior, unsafe and unsuitable, causing the subject scooter to be mechanically and physically defective;

        c.    failing to properly inspect and test the latch system during the manufacturing process, or at the completion thereof, so that the latent defects contained in the latch system would be discovered and remedied;

        d.    designing and utilizing a latch system which Defendant Volpam knew, or should have known, was unsafe and ineffectively designed for its intended use;

5

e.      installing a latch system which Defendant Volpam knew, or should have known, would open and allow the scooter to collapse during normal operation;

f.      failing to use other alternative designs which Defendant Volpam knew, or should have known, were available and non-defective at the time of manufacture;

g.      failing to reasonably and adequately warn users, including Plaintiff, of the dangers associated with the latch system; and

h.      failing to recall, repair or replace the subject scooter and/or its latch system when Defendant Volpam knew, or should have known, of the defects in the subject scooter model.

30.     As a direct and proximate result of the negligence of Defendant Volpam, the OCM latch on the subject scooter failed and caused the subject scooter to collapse during normal operation, causing Plaintiff to be thrown off the subject scooter and strike the ground.

31.     As a further direct and proximate result of the negligence and carelessness of Defendant Volpam, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of continued enjoyment of life, discomfort and medical expenses.  The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Volpam for damages and costs.

## COUNT II - STRICT LIABILITY OF DEFENDANT VOLPAM

32.     Plaintiff realleges paragraphs one (1) through thirty-one (31) above.

33.     At all times material, the subject scooter was in substantially the same condition as when it left the custody, control and possession of Defendant Volpam.

34.    At all times material, the subject scooter's OCM latch system was unsafe and defective, allowing the latch to fail and causing the subject scooter to collapse during normal operation and exposing the operator to severe injury by being thrown off the scooter.

35.    As a direct and proximate result of such defects in the subject scooter, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of continued enjoyment of life, discomfort and medical expenses. The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Volpam for damages and costs.

### COUNT III - NEGLIGENCE OF DEFENDANT AMAZON

36.    Plaintiff realleges paragraphs one (1) through twenty-two (22) above.

37.    Defendant Amazon had a duty to exercise reasonable care in the marketing, distribution and sale of consumer products, including the subject scooter purchased by Plaintiff.

38.    Defendant Amazon knew, or should have known, that the selling of defective products, including the subject scooter, created an unreasonably dangerous risk of harm to the consuming public, including Plaintiff.

39.    Further, Defendant Amazon knew, or should have known, in the exercise of reasonable care, that the subject scooter contained a defect in the OCM latch system and that such defect may cause harm to purchasers/consumers, including Plaintiff.

40.    Despite such knowledge, Defendant Amazon marketed and sold the subject scooter model, knowing that the product was of inferior quality and design.

41.     Defendant was negligent and breached its duty in the following manner:

a.     Defendant Amazon placed for sale the subject scooter model, which it knew, or should have known, was defective in nature and likely to cause harm;

b.     Defendant Amazon failed to adequately and properly test and/or inspect the subject scooter model before placing the same for sale to the consuming public; and

c.     Defendant Amazon failed to adequately, accurately and appropriately warn consumers, including Plaintiff, of the dangerousness associated with defective OCM latch system of the subject scooter model.

42.     As a direct and proximate result of the negligence of Defendant Amazon, the OCM latch on the subject scooter failed and caused the subject scooter to collapse during normal operation, causing Plaintiff to be thrown off the subject scooter and strike the ground.

43.     As a further direct and proximate result of the negligence of Defendant Amazon, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, disfigurement, mental anguish, loss of earnings, loss of continued enjoyment of life, discomfort and medical expenses.  The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Amazon for damages and costs.

## COUNT IV - STRICT LIABILITY OF DEFENDANT AMAZON

44.     Plaintiffs reallege paragraphs one (1) through twenty-two (22) and thirty-seven (37) through forty-three (43) above.

45.    The subject scooter sold by Defendant Amazon was in a defective and unreasonably dangerous condition at the time Defendant Amazon sold the subject scooter to Plaintiff.

46.    The defective condition included the OCM latch system of the subject scooter improperly and unexpectedly unlatching and causing the subject scooter to collapse while Plaintiff was operating the subject scooter.

47.    As a direct and proximate result of the of the subject scooter's defective and dangerous condition, Plaintiff sustained bodily injuries and resulting pain and suffering, disability, mental anguish, loss of earnings, loss of continued enjoyment of life, discomfort and medical expenses.  The losses are either permanent or continuing in their nature, and Plaintiff will continue to suffer these losses in the future.

WHEREFORE, Plaintiff demands judgment against Defendant Amazon for damages and costs.

## DEMAND FOR TRIAL BY JURY AND COSTS

Plaintiff hereby demands a trial by jury of all issues herein so triable and, in addition, demands an award of costs incurred in prosecuting this action.

Submitted this 12th day of February 2026.

**SPOHRER & DODD, P.L.**


__*/S/ Jay M. Howanitz*___
**Jay M. Howanitz**
Florida Bar No.:  20967
76 South Laura Street, Suite 1701
Jacksonville, Florida 32202
Telephone:     (904) 309-6500
Facsimile:     (904) 309-6501
email:            jhowanitz@sdlitigation.com
                    fcramer@sdlitigation.com
                    eservice@sdlitigation.com
*Attorneys for Plaintiff*