**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DANIELLE DE VRIES,
    Plaintiff,

                             Case No. 3:26-cv-00522-TJC-SJH

v.

AMAZON.COM, INC., et al.
    Defendant.

## O R D E R

**THIS CASE** was removed based on diversity jurisdiction, which requires complete diversity and an amount in controversy exceeding $75,000. Doc. 1, 28 U.S.C. § 1332(a). Plaintiff, Danielle De Vries, filed a Motion to Remand, and Defendants oppose remand. Docs. 9, 12. The parties are diverse, but De Vries argues Amazon.com has not met its burden to establish the amount in controversy exceeds $75,000. Doc. 9 at 2.

A notice of removal requires a plausible allegation that federal jurisdiction exists. Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 89 (2014). In its notice, Amazon.com alleges the amount in controversy is satisfied because (1) the complaint alleges damages exceeding $50,000; (2) De Vries checked a box on the state civil cover sheet indicating damages exceed $100,000; and (3) the complaint alleges severe orthopedic and soft tissue injures to both upper and lower extremities. Doc. 1 at 4–5.

De Vries argues the removal improperly relied on a state civil cover sheet, which is to be used only for data collection and clerical purposes.[1] Doc. 9 at 4. In opposing remand, Defendants rely on the items in the removal notice and argue an email exchange shows the amount in controversy is over $75,000. Doc. 12 at 2–4. In the email, De Vries refuses to stipulate damages were less than $75,000 because she does not "know what her damages will be." Id. at 14.

Courts use judicial experience and common sense to determine whether the amount in controversy has been met. Roe v. Michelin N. Am., Inc., 613 F.3d 1058, 1062 (11th Cir. 2010). All doubts regarding jurisdiction are resolved in favor of remand. Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999). As the removing party, Amazon.com bears the burden of proof to show federal jurisdiction is appropriate by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Reliance on a state civil cover sheet alone is insufficient. See Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381 at *3 (M.D. Fla. Mar. 25, 2024). General allegations and vague descriptions of permanent injuries are insufficient. See Krause v. Kohl's, Inc., No. 5:23-cv-722-TJC-PRL, 2024 WL 1283692 at *1 (M.D. Fla. Mar. 26, 2024). Refusal to stipulate to

---

[1] This state directive does not bind a federal court in an amount of controversy determination. Martinez-Lopez v. Bowden, No. 3:23-cv-736-TJC-LLL, 2024 WL 1252381 at *3 (M.D. Fla. Mar. 25, 2024).

damages because prospective damages are unclear is also insufficient. See Williams, 269 F.3d at 1320.

> [W]hen a removing party relies on a state civil cover sheet as evidence of the amount in controversy, and the plaintiff asserts conclusory allegations typical of personal injury complaints, the defendant must point to some additional evidence which, taken together with the civil cover sheet, establishes the amount in controversy.

Johnson v. Doe, No. 3:25-cv-1239-TJC-PDB, 2025 WL 3054772 at *1 (M.D. Fla. Oct. 31, 2025). Typically, this includes "demand letters, medical bills, responses to requests for admission, or other similar documentation." Id.

In Martinez-Lopez, defendants relied on the state civil cover sheet and other items, including a crash report with estimated damages, injury levels, and photographs of the crash. 2024 WL 1252381 at *3. Together, these proved the amount in controversy by a preponderance of the evidence. Id. Here, the alleged damages are conclusory and not supported by sufficiently detailed allegations. See Doc. 4 at 3, 7. The email exchange demonstrates damages are uncertain, but does not establish they exceed $75,000. An allegation that damages exceed $50,000 leaves room for damages to possibly exceed $75,000, but it does not establish the necessary amount in controversy. Resolving all doubts in favor of remand, even taking all of this together, Amazon.com has not met its burden to show the amount in controversy exceeds $75,000.

3

Accordingly, it is hereby

**ORDERED:**

1. The Motion to Remand, Doc. 9, is **GRANTED**. This case is **REMANDED** to the Circuit Court of the Fourth Judicial Circuit, in and for Duval County, Florida.

2. Following remand, the Clerk shall terminate all pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 8th day of July, 2026.



Timothy J. Corrigan

TIMOTHY J. CORRIGAN
Senior United States District Judge

ddw
Copies:

Counsel of record